NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY PAOLA MARICELA DIAZ-LOPEZ; LUIS ANGEL GARCIA-MACARIO; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-71930 <br><br> Agency Nos. A206-793-525 <br> A206-793-533 <br> A205-254-638 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Nancy Paola Maricela Diaz-Lopez, Luis Angel Garcia-Macario, and their

minor daughter, natives and citizens of Guatemala, petition for review of the Board

of Immigration Appeals' ("BIA") order dismissing their appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying their applications for asylum and denying Diaz-Lopez's and Garcia-Macario's applications for withholding of removal and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. "Where, as here, the Board incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We deny the petition for review.

The agency did not err in finding that Garcia-Macario did not establish membership in a cognizable particular social group related to his resistance to gang recruitment. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'") (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir.

2009) (proposed group of young males in Guatemala who are targeted for gang recruitment not cognizable), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

Substantial evidence supports the agency's conclusion that all Petitioners otherwise failed to establish they would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, all Petitioners' asylum claims and Diaz-Lopez's and Garcia-Macario's withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Diaz-Lopez and Garcia-Macario failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-71930